# In the United States Court of Federal Claims

No. 18-1555C

(Filed: January 25, 2019)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **RANDY S. FIELDS,** | \* |
| Plaintiff, | \* |
| | \* Rule 12(b)(1) Motion to Dismiss |
| | \* for Lack of Subject Matter |
| v. | \* Jurisdiction; Federal Torts |
| | \* Claims Act; Veterans Benefits; |
| **THE UNITED STATES,** | \* Transfer. |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Randy S. Fields*, Sevierville, Tennessee, *pro se* Plaintiff.

*David R. Pehlke*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Deborah A. Bynum*, Assistant Director, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Randy S. Fields, a *pro se* plaintiff, brought this action alleging that the Government denied him relief under the Federal Torts Claims Act for injuries he allegedly suffered while receiving treatment at a VA medical center. Mr. Fields also claims the Government failed to provide him veterans benefits for his alleged injuries. The Government filed a motion to dismiss for lack of subject matter jurisdiction. For reasons explained below, the Court GRANTS the Government's motion to dismiss.

Background

On March 29, 2016, Mr. Fields underwent a Total Knee Arthroplasty ("TKA") surgery at a VA Medical Center in Gainesville, Florida. Ex. 1. After the surgery, Mr. Fields filed a claim under the Federal Tort Claims Act (FTCA) against the United States Department of Veterans Affairs alleging negligent post-surgery care on behalf of the Veterans Hospital Administration staff. See id. Mr. Fields's alleged injuries included painful urination, internal bleeding, nerve damage, and partial loss of motor-control of his foot, for which he requested a sum of $200,000.00 and a disability rating of 100 percent. Id.

The VA Office of General Counsel heard and considered Mr. Fields's FTCA claim. Def. Mot. to Dismiss at 1; Compl. ¶ 1; see Ex. 1. On January 27, 2017, the VA Office of General Counsel denied his claim for failure to identify any negligence on the part of the VA health care providers acting within the scope of their employment, or possible negligence related to Mr. Fields's TKA surgery and post-operative care. Ex. 1.

On June 20, 2017, Mr. Fields filed a Motion for Reconsideration of his FTCA claim. Compl. ¶ 1. On March 9, 2018, the VA Office of General Counsel denied the Motion for Reconsideration and also issued a final decision, which denied Mr. Fields's FTCA claim and informed him that he could further pursue his FTCA claim in a United States District Court.[1] Def. Mot. to Dismiss at 1; see Ex. 1.

Mr. Fields filed a complaint with this Court on October 1, 2018. Dkt. No. 1. Mr. Fields appears to allege that the VA refused to reconsider his FTCA claim, and thus, prevented him from receiving service connection benefits for his alleged injuries. Compl. ¶¶ 1, 3. He also alleges that he did not receive the VA's letter containing the denial of his FTCA claim because he was in the process of moving to a different address. Id. ¶ 1. Accordingly, Mr. Fields seeks to pursue his FTCA claim in this Court. In addition, Mr. Fields seeks service connection for the alleged injuries described in his FTCA claim. Id. ¶¶ 3, 4.

On November 30, 2018, the Government filed a motion to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") presenting three grounds for lack of subject matter jurisdiction. Dkt. No. 7. First, it argues that the Court lacks jurisdiction to entertain Mr. Fields's FTCA claim. Def. Mot. to Dismiss at 1. Second, it argues that transfer of Mr. Fields's FTCA claim to a district court pursuant to 28 U.S.C. §

---

[1] In its Motion to Dismiss, the Government cites Exhibit 1 in support of its assertion that the VA denied Mr. Fields's motion to reconsider and issued a final denial of his FTCA claim on March 9, 2018. However, Exhibit 1 does not include copies of the VA's denial of the motion to reconsider or its final denial of Mr. Fields's FTCA claim. Instead, Exhibit 1 includes USPS tracking information for a letter the VA sent to Mr. Fields on March 9, 2018, which the Court assumes contained the denial of the motion to reconsider and final denial of Mr. Fields's FTCA claim.

1631 is not appropriate because Mr. Fields's claim is late. Id. at 1-2. Third, it argues that this Court lacks jurisdiction to entertain Mr. Fields's claim for service connection for his alleged injuries. Id. at 3.

Mr. Fields filed a response on December 17, 2018, defending his complaint and asking the Court not to dismiss his claim on the basis of an untimely filing. Dkt. No. 8 (Pl. Resp.) at 1. Mr. Fields asserts that he was in the process of moving in September 2017, and therefore was not on notice of the VA's denial of his Motion for Reconsideration and final denial of his FTCA claim. Id. He also asserts that he notified the VA of his address change on September 18, 2017 and had difficulty contacting his attorney around this time. Id. The Government filed its reply on December 21, 2018. Dkt. No. 9.

As set forth below, Mr. Fields's complaint must be dismissed for lack of subject matter jurisdiction, and the Court finds that a transfer of Mr. Fields's case to a district court is not appropriate.

Discussion

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When deciding a Rule 12(b)(1) motion to dismiss, the Court treats the undisputed facts in the complaint as true and must draw reasonable inferences in favor of the non-moving party. Erikson v. Pardus, 551 U.S. 89, 91 (2007). Courts hold pleadings filed by a *pro se* plaintiff to a less stringent standard and liberally construe language in the plaintiff's favor. Id. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a *pro se* plaintiff must still prove subject matter jurisdiction by a preponderance of the evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011). If the Court determines at any time that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker Act "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Rather, a plaintiff must identify a "separate source of substantive law that creates a right to

money damages" for the Court to exercise jurisdiction over a claim. <u>Greenlee County, Ariz. v. United States</u>, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting <u>Fisher v. United States</u>, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). The substantive source of law allegedly violated must "fairly be interpreted as mandating compensation by the Federal Government." <u>United States v. Navajo Nation</u>, 556 U.S. 287, 290 (2009) (quoting <u>United States v. Testan</u>, 424 U.S. 392, 400 (1976)).

### 1.  FTCA Claim

Mr. Fields alleges that he is entitled to relief as a result of the Government's denial to reconsider his FTCA claim. Compl. ¶ 3. To this end, Mr. Fields seeks to pursue his FTCA claim in this Court. However, the Tucker Act plainly excludes tort claims from this Court's jurisdiction. 28 U.S.C. § 1491(a)(1) (providing for jurisdiction over "claim[s] against the United States . . . *not sounding in tort*" (emphasis added)). 28 U.S.C. § 1491(a)(1). Moreover, United States "district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." <u>Id.</u> § 13461(b)(1). Accordingly, as tort claims fall outside of this Court's jurisdiction, Mr. Fields's FTCA claim must be dismissed for lack of subject matter jurisdiction.

### 2.  Veterans Benefits Claim

Mr. Fields also requests this Court to "instruct the VA to service connect [him]" for his injuries so "he can be compensated and treated." Compl. ¶ 3. To the extent that Mr. Fields requests this Court to review the VA's final decision, which prohibited him from receiving service connection for his alleged injuries, the Government argues that "neither this Court nor a United States District Court would have jurisdiction over any such claim." Def. Mot. to Dismiss at 3. The Government is correct.

The United States Courts of Appeals for Veterans Claims has exclusive jurisdiction to review final decisions on claims for veterans benefits. <u>See</u> 38 U.S.C. § 7252(a). Review of those decisions is assigned exclusively to the United States Court of Appeals for the Federal Circuit. <u>See id.</u> § 7292(c). Decisions by the Federal Circuit are final subject to review by the United States Supreme Court on certiorari. <u>Id.</u> Therefore, this Court does not have jurisdiction to review Mr. Fields's claim for veterans service connection benefits, and this claim must be dismissed for lack of subject matter jurisdiction.

B. <u>Transfer to a District Court</u>

Although not requested by Mr. Fields, this Court considers whether it would be in the interest of justice to transfer Mr. Fields's case to a United States district court. 28 U.S.C. § 1631 provides that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.

28 U.S.C. § 1631. This Court may transfer a case to a district court if the plaintiff can establish three elements: (1) the transferor court lacks jurisdiction; (2) at the time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice. <u>Sanders v. United States</u>, 34 Fed. Cl. 75, 81-82 (1995).

The first element has already been established because the Court does not have jurisdiction over either Mr. Fields's FTCA claim or his claim for service connection benefits.

Regarding the second element, Mr. Fields's claims likely could not have been brought in a district court at the time his complaint was filed. Pursuant to 28 U.S.C. § 2401(b), a plaintiff must file his claim within six months after "the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The VA issued its final denial of Mr. Fields's claim on March 9, 2018. Ex. 1. Consequently, the last day for filing his claim in a district court was September 9, 2018. Therefore, at the time Mr. Fields filed his claim in this Court on October 1, 2018, Mr. Fields could not have brought his claims in a district court because the time to file had passed.

However, Mr. Fields claims that he was not on notice about the VA's final denial sent to him via certified mail on March 9, 2018 because he was in the process of moving to a different address. Compl ¶ 1. Mr. Fields also asserts that he notified the VA of his change of address on September 18, 2017. Pl. Resp. at 1. Nonetheless, the time to file a claim under 28 U.S.C. § 2401(b) begins at the time the final denial is mailed, not when it is received.

Furthermore, since the action could have been timely filed in a different court, this Court need not address the interests of justice here. The Court therefore finds that transfer of Mr. Fields's case is not appropriate.

## Conclusion

For the reasons above, the Court GRANTS the Government's motion to dismiss for lack of subject matter jurisdiction and finds that Mr. Fields's case is not appropriate to transfer to another district court.

THOMAS C. WHEELER
Judge